IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VINCENT WHITE, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 14-502-KD-M |
| ) | |
| JOHN MCLAIN, JOHNNY THORNTON, ) | |
| SR., JOHN CASSIDY, GREG O'SHEA, ) | |
| ALLEN O'SHEA, JEFFERY SULLIVAN, ) | |
| and CLINTON LAW ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on the Eleventh Circuit's reversal and remand of the issue of whether Defendant Deputy John McLain ("McLain") is entitled to qualified immunity.[1] Plaintiff Vincent White ("White") brought claims against McLain and several other Mobile County Sheriff's Office deputies for the mistaken entry and search of his home.[2]

In November 2015, this Court denied McLain's motion for summary judgment after it determined that he was not entitled to qualified immunity. Shortly thereafter, McLain filed an interlocutory appeal with the Eleventh Circuit Court of Appeals, challenging the denial. On April 19, 2016, the Court of Appeals reversed this Court explaining:

> Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their [official] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). A government official seeking qualified immunity "must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred," *Hartsfield*, 50 F.3d at 953, and White does not dispute that McLain was. "[I]f the

---

[1] The stay in this matter is **LIFTED**.
[2] The facts giving rise to the Complaint may be found in the Court's previous order on summary judgment. (Doc. 40).

> official meets that burden, the plaintiff must prove that the official's conduct violated clearly established law." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). A law is "clearly established" only when preexisting law gave government officials "fair warning" that their conduct was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S. Ct. 2508, 2516 (2002).
>
> Because then-existing law did not fairly warn McLain that his conduct leading up to the search violated federal law in the circumstances," he is entitled to qualified immunity here.

(Appeal Number 15-15270, Order dated April 19, 2016 at 5-6).

White's only remaining claim before the Court is Count One (unlawful entry, search, and seizure), brought against McLain. As McLain is entitled to qualified immunity, Defendant is entitled to summary judgment as to Plaintiff's claim unlawful entry, search, and seizure claim against McLain. Thus, Defendant's motion for summary judgment as to Count One is **GRANTED**. A Final Judgment consistent with the terms of this Order and the Court's previous dispositive Orders (Docs. 40 and 55) shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this **28**th day of **April 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**